FILED

2020 Jul-23  PM 12:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHEN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JONATHAN M. BRYANT, an individual,** | ) |
| | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| | ) |
| **v.** | ) |
| | ) |
| | ) |
| | )   **CASE NO.:** _____ |
| | ) |
| | ) |
| | ) |
| **HUDA LOGISTICS, a corporation, ABDELSALAM G. KEILA, an individual;** | ) |
| | ) |
| | ) |
| | ) |
| **"A", "B" and "C", whether singular or plural, the person, firm, corporation, partnership, LLC, or other entity owning the vehicle which struck the motor vehicle operated by Plaintiff JONATHAN M. BRYANT on the occasion made the basis of this suit; "D", "E" and "F", whether singular or plural, the person, firm, corporation, partnership, or other entity on whose behalf the vehicle was being operated by an underinsured motorist, on the occasion made the basis of this suit; "G", "H" and "I", being the driver of the motor** | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

vehicle which struck the motor )
vehicle operated by Plaintiff )
JONATHAN M. BRYANT on the )
occasion made the basis of this suit; )
"J", "K" and "L", whether )
singular or plural, being the )
person, firm, corporation, )
partnership, or other entity which )
    insured the vehicle driven )
and/or owned by the )
aforementioned fictitious )
Defendants and/or the )
underinsured motorist, which )
struck the vehicle operated by )
Plaintiff JONATHAN M. )
BRYANT on the occasion made the )
basis of this lawsuit. Plaintiffs aver )
that the identity of the fictitious )
party Defendants is otherwise )
unknown to Plaintiffs at this time, )
or if their names are known to )
Plaintiffs, their identity as proper )
party Defendants is not known to )
Plaintiffs at this time, but their true )
names and identities will be )
substituted by amendment when )
ascertained,

        **Defendants.**

## PLAINTIFF'S COMPLAINT

## PARTIES

1. Plaintiff, Jonathan M. Bryant (hereinafter "Plaintiff"), is an individual resident citizen of the State of Alabama and is over the age of nineteen (19) years of age.

2. Defendant, Abdelsalam G. Keila (hereinafter "Defendant Keila"), is an individual over the age of nineteen (19) and upon information and belief, is a resident citizen of the State of Tennessee.

3. Defendant HUDA Logistics (hereinafter "Defendant HUDA Logistics") is a Texas corporation with its principal place of business in Grand Prairie, Texas.

4. Fictitious Defendants A, B, and C, whether singular or plural, is the person, firm, corporation, partnership, or other entity owning the vehicle which caused the collision with the vehicle Plaintiff Jonathan M. Bryant was operating, on the occasion complained of in this lawsuit.

5. Fictitious Defendants D, E, and F, whether singular or plural, is the person, firm, corporation, partnership, or other entity on whose behalf the vehicle was being operated by the underinsured motorist, on the occasion made the basis of this lawsuit.

6. Fictitious Defendants G, H, and I, is the driver of the motor vehicle which caused the collision with the vehicle Plaintiff Jonathan M. Bryant on the occasion made the basis of this lawsuit.

7.  Fictitious Defendants J, K and L whether singular or plural, is the person, firm, corporation, partnership, or other entity which insured the vehicle driven and/or owned by fictitious Defendants and/or the underinsured motorist, which caused the collision with the vehicle Plaintiff Jonathan M. Bryant was operating on the occasion made the basis of this lawsuit.

## JURISDICTION AND VENUE

8.  The amount in controversy exceeds $75,000.00.

9.  The collision made the basis of this lawsuit occurred in Blount County, Alabama, which is located in the Northern District of Alabama, Southern Division.

10. Complete diversity exists between the parties.

## FACTS

11. On or about the 24th day of January, 2020, Plaintiff was driving his 2015 Honda Pilot and was traveling southbound on Interstate 65 in Blount County, Alabama.

12. At the same time, Defendant Keila, who was operating a tractor trailer on behalf Defendant HUDA Logistics, was also traveling southbound on Interstate 65 in Blount County, Alabama.

13. Defendant Keila left his lane of travel and crossed in the lane of travel of the Plaintiff.  Defendant Keila struck the Plaintiff's vehicle and pushed it into the

concrete wall separating the northbound and southbound lanes of Interstate 65.

14. Defendant Keila negligently and wantonly entered into the lane of travel of the Plaintiff, causing the collision.

15. As a proximate consequence of Defendant Keila's negligent and/or wanton conduct, Plaintiff suffered physical injuries as set forth below.

## COUNT ONE - NEGLIGENCE

16. Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

17. At the aforesaid time and place, Defendant Keila was negligent in the operation of the commercial motor vehicle he was driving and said negligence caused a collision between his vehicle and the vehicle occupied by the Plaintiff.

18. As a result of the acts and/or omissions of the above-described Defendant, Plaintiff Jonathan M. Bryant was injured and damaged as follows:

   a. He suffered injuries to various portions of his body, including but not limited to his ribs, head, neck, back, shoulder, hip, arm and body as a whole;
   b. He has experienced and continues to experience pain and suffering;
   c. He is reasonably certain to experience pain and suffering into the future;
   d. He has experienced and continues to experience mental anguish;
   e. He is reasonably certain to experience mental anguish in the future;
   f. He was knocked, shocked, bruised and contused over various portions of his body;
   g. He was permanently injured, disfigured and damaged;

h.  He was caused to incur personal injury medical expenses for treatment from various doctors, physicians and hospitals;

i.  He was caused to incur out-of-pocket medical expenses;

j.  He is reasonably certain to incur personal injury medical expenses in the future;

k.  He was caused to suffer both past and future lost wages, loss of income, loss of earnings capacity, and lost employment benefits; and

l.  His vehicle was torn, twisted and otherwise damaged.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for general and compensatory damages as well as special and punitive damages that the court may determine together with interest from the date of the injury plus the costs of this action.

## COUNT TWO - WANTONNESS

19. Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

20. At the aforesaid time and place, Defendant Keila was wanton in his operation of the subject commercial motor vehicle, as he recklessly left his lane of travel and crossed in the lane of travel of the Plaintiff. Defendant Keila struck the Plaintiff's vehicle and pushed it into the concrete wall separating the northbound and southbound lanes of Interstate 65.

21. Said wantonness caused a collision between his vehicle and the vehicle occupied by Plaintiff.

22. As a proximate consequence of the wantonness of Defendants, and/or fictitious defendants, Plaintiff was injured and damaged as set forth in

paragraph eighteen (18).

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT THREE – RESPONDEAT SUPERIOR

22.    Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

23.    At the time and place of the incident made the basis of this suit, Defendant Keila was operating a commercial motor vehicle in the line and scope of his employment for Defendant HUDA Logistics.  As such, Defendant Keila was an agent and/or employee of Defendant HUDA Logistics.  Defendant HUDA Logistics,  was the master or principal of Defendant Keila and is vicariously liable for his actions.  Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT FOUR– NEGLIGENT/WANTON HIRING, TRAINING, SUPERVISION AND RETENTION

24. Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

25.    At the time of the occasion made the basis of this lawsuit, and for some time prior thereto, Defendant HUDA Logistics was responsible for the hiring, training, supervision, and retention of Defendant Keila.  Defendant HUDA Logistics negligently and/or wantonly failed to hire, train, supervise, and retain Defendant Keila.  Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT FIVE – NEGLIGENT/WANTON ENTRUSTMENT

26. Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

27. At the time of the accident made the basis of this Complaint, Defendant HUDA Logistics was the owner of, and had the right of control over the use of the commercial vehicle driven by Defendant Keila.    Defendant HUDA Logistics negligently and/or wantonly entrusted said vehicle to Defendant Keila who

negligently and/or wantonly operated said vehicle injuring the Plaintiff. Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**

Respectfully Submitted,

Heidi A. DiLorenzo (ASB-2431-B84D)
Attorney for Plaintiff

**OF COUNSEL**
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222
Phone:          (205) 983-8132
Facsimile:     (205) 983-8432
Email:          hdilorenzo@asilpc.com

Plaintiff's Address:
Jonathan Bryant
c/o Heidi DiLorenzo
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222

## DEFENDANT TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:

**Abdelsalam G. Keila**
**6421 Oak Park Drive**
**Memphis, TN 38134**

**HUDA Logistics, LLC**
**2607 Cartwright Street**
**Dallas, TX 75212**